| County Court, County of El Paso, Colorado<br>Court Address:<br>270 S. Tejon Street<br>Colorado Springs, CO 80903 | |
|---|---|
| Plaintiff(s): Pam Connor<br><br>v.<br><br>Defendant(s): AR Resources, Inc.,<br>a Pennsylvania corporation | ↑ COURT USE ONLY ↑ |
| Attorney for Plaintiff:<br>David M. Larson, Esq.<br>88 Inverness Circle East, Suite E-102<br>Englewood, CO 80112<br>Phone Number: 303-799-6895<br>Atty. Reg. #: 032811 | Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY TRIAL DEMAND** | |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

3. Venue is proper in this Court.

4. The acts and transactions alleged herein occurred in El Paso County.

5. The Plaintiff resides in El Paso County.

6. The Defendant transacts business in El Paso County.

## PARTIES

7. Plaintiff Pam Connor is a natural person.

8. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**Exhibit A**

10.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.   Defendant AR Resources, Inc. is a Pennsylvania corporation operating from an address at 1777 Sentry Parkway West, Merion Towle Building, Suite 101, Blue Bell, Pennsylvania, 19422.

12.   The Defendant's registered agent in the state of Colorado is Irvin A. Borenstein, Esq., 13111 E. Briarwood Avenue, Suite 340, Centennial, Colorado, 80112.

13.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   The Defendant is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.   The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.   Sometime before 2014 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to EMA of Florida – St. Anthony Hospital (hereinafter the "Account").

19.   The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with EMA of Florida – St. Anthony Hospital.

21.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection, Defendant's file number for the Account is A90374 and/or 1563427.

22.   The Plaintiff disputes the Account.

23.   The Plaintiff requests that the Defendant cease all further communication on the Account.

2

**Exhibit A**

24.     The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

25.     The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s).

26.     In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

27.     On October 9, 2013 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employee(s).

28.     During the telephone conversation(s) on October 9, 2013 between the Defendant and the Plaintiff regarding the Account the Defendant stated that the Defendant had the Account and stated the balance due on the Account to EMA of Florida – St. Anthony Hospital.

29.     During the telephone conversation(s) on October 9, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

30.     During the telephone conversation(s) on October 9, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

31.     During the telephone conversation(s) on October 9, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

32.     During the telephone conversation(s) on October 9, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

33.     The Defendant was aware that the Account is disputed on October 9, 2013.

34.     The Defendant was informed that the Account is disputed on October 9, 2013.

35.     After October 9, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, a credit reporting agency.

36.     After October 9, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian the Defendant did not communicate to Experian that the Account was disputed.

**Exhibit A**

37. The information communicated to Experian by the Defendant after October 9, 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian.

38. The information communicated regarding the Account by the Defendant to Experian after October 9, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

39. The Defendant communicated the information regarding the Account after October 9, 2013 to Experian in connection with the collection of the Account.

40. After October 9, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax, a credit reporting agency.

41. After October 9, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax the Defendant did not communicate to Equifax that the Account was disputed.

42. The information communicated to Equifax by the Defendant after October 9, 2013 on the Account conveyed information regarding the Account directly or indirectly to Equifax.

43. The information communicated regarding the Account by the Defendant to Equifax after October 9, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

44. The Defendant communicated the information regarding the Account after October 9, 2013 to Equifax in connection with the collection of the Account.

45. After October 9, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion, a credit reporting agency.

46. After October 9, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion the Defendant did not communicate to Transunion that the Account was disputed.

47. The information communicated to Transunion by the Defendant after October 9, 2013 on the Account conveyed information regarding the Account directly or indirectly to Transunion.

4

**Exhibit A**

48.  The information communicated regarding the Account by the Defendant to Transunion after October 9, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

49.  The Defendant communicated the information regarding the Account after October 9, 2013 to Transunion in connection with the collection of the Account.

50.  In December 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, a credit reporting agency.

51.  In December 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian the Defendant did not communicate to Experian that the Account was disputed.

52.  The information communicated to Experian by the Defendant in December 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian.

53.  The information communicated regarding the Account by the Defendant to Experian in December 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

54.  The Defendant communicated the information regarding the Account in December 2013 to Experian in connection with the collection of the Account.

55.  In December 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax, a credit reporting agency.

56.  In December 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax the Defendant did not communicate to Equifax that the Account was disputed.

57.  The information communicated to Equifax by the Defendant in December 2013 on the Account conveyed information regarding the Account directly or indirectly to Equifax.

58.  The information communicated regarding the Account by the Defendant to Equifax in December 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

Exhibit A

59.     The Defendant communicated the information regarding the Account in December 2013 to Equifax in connection with the collection of the Account.

60.     In December 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion, a credit reporting agency.

61.     In December 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion the Defendant did not communicate to Transunion that the Account was disputed.

62.     The information communicated to Transunion by the Defendant in December 2013 on the Account conveyed information regarding the Account directly or indirectly to Transunion.

63.     The information communicated regarding the Account by the Defendant to Transunion in December 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

64.     The Defendant communicated the information regarding the Account in December 2013 to Transunion in connection with the collection of the Account.

65.     Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian.

66.     Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Equifax.

67.     Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Transunion.

68.     Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

69.     Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

**Exhibit A**

70.   Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

71.   Upon information and belief in 2013 and/or 2014 the Defendant reported information to Experian on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

72.   Upon information and belief in 2013 and/or 2014 the Defendant reported information to Equifax on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

73.   Upon information and belief in 2013 and/or 2014 the Defendant reported information to Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

74.   After October 9, 2013 the Defendant communicated information regarding the Account to EMA of Florida – St. Anthony Hospital.

75.   After October 9, 2013 the Defendant communicated to EMA of Florida – St. Anthony Hospital the balance on the Account.

76.   After October 9, 2013 the Defendant communicated to EMA of Florida – St. Anthony Hospital that a payment had been made on the Account.

77.   After October 9, 2013 when the Defendant communicated information regarding the Account to EMA of Florida – St. Anthony Hospital the Defendant did not communicate to EMA of Florida – St. Anthony Hospital that the Account was disputed.

78.   The information regarding the Account communicated to EMA of Florida – St. Anthony Hospital by the Defendant after October 9, 2013 conveyed information regarding the Account directly or indirectly to EMA of Florida – St. Anthony Hospital.

79.   The information regarding the Account communicated to EMA of Florida – St. Anthony Hospital after October 9, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

80.   The Defendant communicated the information regarding the Account after October 9, 2013 to EMA of Florida – St. Anthony Hospital in connection with the collection of the Account.

7

**Exhibit A**

81.  During the telephone conversation(s) on October 9, 2013 between the Plaintiff and the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that the Account will stay on the credit bureau reports until it is paid.

82.  The Defendant's representations stated in paragraph 81 were false and were false representations in connection with the collection of a debt, the Account.

83.  The telephone conversation(s) on October 9, 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

84.  The telephone conversation(s) on October 9, 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

85.  The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each conveyed information regarding the Account directly or indirectly to the Plaintiff.

86.  The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

87.  On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff on October 9, 2013.

88.  On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff on October 9, 2013.

89.  On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

90.  On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

91.  On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

Exhibit A

92. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014.

93. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2013 and/or 2014 substantiate the Plaintiff's allegations in this action.

94. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account.

95. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax on the Account.

96. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account.

97. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account after September 2013.

98. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax on the Account after September 2013.

99. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account after September 2013.

100. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in December 2013.

101. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax on the Account in December 2013.

102. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account in December 2013.

**Exhibit A**

103. The Defendant did not communicate to Experian that the Account is disputed on or before October 8, 2014.

104. The Defendant did not communicate to Equifax that the Account is disputed on or before October 8, 2014.

105. The Defendant did not communicate to Transunion that the Account is disputed on or before October 8, 2014.

106. The Defendant's statement(s) and/or action(s) and/or omission(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

107. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

108. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

109. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

110. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks $3,000.00 in actual damages pursuant to FDCPA § 1692k(a)(1), $1,000.00 in statutory damages pursuant to FDCPA § 1692k(a)(2)(A) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## COUNT I, FDCPA VIOLATION

111. The previous paragraphs are incorporated into this Count by reference.

112. The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

Exhibit A

113.  Pursuant to FDCPA § 1692k the Plaintiff seeks $3,000.00 in actual damages pursuant to FDCPA § 1692k(a)(1), $1,000.00 in statutory damages pursuant to FDCPA § 1692k(a)(2)(A) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## JURY TRIAL DEMAND

Plaintiff hereby makes demand for jury trial in this case.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.  Judgment in favor of the Plaintiff and against the Defendant.

2.  Actual Damages pursuant to 15 U.S.C. § 1692k(a)(1) in the amount of $3,000.00.

3.  Statutory Damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00.

4.  Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

5.  Costs pursuant to 15 U.S.C. § 1692k(a)(3).

6.  Post Judgment Interest.

Respectfully submitted,

s/ David M. Larson
David M. Larson, Esq., # 032811
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff

**Exhibit A**